**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katriona Coe, | No. CV-21-00478-PHX-SMM (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| Patrick Hirsch, et al., | |
| Defendants. | |

Before this Court[1] is Plaintiff Katriona Coe's ("Plaintiff") Motion for Default Judgment against Defendants Patrick Hirsch d/b/a Outlaw Roadside Service, Patrick Hirsch, and Jane Doe Hirsch (collectively, "Defendants"). (Doc. 15). For the following

---

[1] The matter is before the undersigned pursuant to General Order 18-20, which states:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare the dismissal order for signature of the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

reasons, the Court will grant the Motion, enter default judgment accordingly, and order the payment of **$8,352.00** to Plaintiff. The Court defers consideration of an appropriate attorney fees and costs award pending the filing of a motion pursuant to LRCiv 54.2.

## I.   BACKGROUND

On March 22, 2021, Plaintiff brought this action for the recovery of unpaid wages under the Fair Labor Standards Act (FLSA) and the Arizona Minimum Wage Act (AMWA). (Doc. 1). Plaintiff alleges that during the eight weeks she worked for Defendants as a dispatcher for their roadside assistance business, she did not receive the applicable federal and state minimum wage for hours worked or an overtime wage for hours worked in excess of 40 per week. (Id.). Defendants were served with the Summons and Complaint but did not file an answer or otherwise participate in the action. (Docs. 7–9). On July 9, 2021, default was entered against Defendants pursuant to Fed. R. Civ. P. 55(a). (Docs. 12, 13). On September 22, 2021, Plaintiff filed the instant motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 15).

## II.   JURISDICTION

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has personal jurisdiction over Defendants because Plaintiff's claims arise from Defendants' business activities in Arizona and alleged failure to comply with federal and state employment laws during the course of those activities (doc. 1 ¶¶ 5, 7, 10). Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015); Tolano v. El Rio Bakery, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *2 (D. Ariz. Dec. 2, 2019).

The Court has federal question jurisdiction over Counts One and Two (id. ¶¶ 63–81) because they arise under FLSA, a federal law. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Count Three (id. ¶¶ 78–81), the AWMA claim, because it is "part of the same case or controversy" as the FLSA claims. 28 U.S.C. § 1367(a).

. . .

## III. DEFAULT JUDGMENT

### A. Legal Standard

A party may move for default judgment against a party in default. Fed. R. Civ. P. 55(a), (b); Twentieth Century Fox Film. Corp. v. Streeter, 438 F.Supp.2d 1065, 1070 (D. Ariz. 2006). Whether to grant default judgment is discretionary and based on consideration of the following: "'(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.'" NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

### B. Analysis

#### 1. Possibility of Prejudice to Plaintiff

Plaintiff would be prejudiced by failure to enter default judgment as continuation of this action despite Defendants' failure to participate in it precludes Plaintiff's ability to either obtain relief or litigate her case on its merits. Therefore, this factor supports entering default judgment. Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc., 316 F.Supp.3d 1192, 1198 (C.D. Cal. 2018) ("Defendants have failed to participate in this action, and without a default judgment, Plaintiff will have no other recourse for recovery.").

#### 2. Merits & Sufficiency of the Complaint

These two factors, taken together, "require that plaintiffs' allegations 'state a claim on which [she] may recover.'" Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010) (quoting Danning v. Lacine, 572 F.2d 1386, 1388 (9th Cir. 1978)); see also Fed. R. Civ. P. 8(a). In considering these factors, "well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved." Anzalone, 316 F.Supp.3d at 1198 (citing Televideo Sys., Inc.

v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987)); see also DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotes and citation omitted).

To state a claim under FLSA, "the plaintiff must allege at least one workweek when [s]he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." Landers v. Quality Communications, Inc., 771 F.3d 638, 646 (9th Cir. 2014); see 29 U.S.C. §§ 206(a)(1)(C), 207(a)(1). To state a claim under AMWA, the plaintiff must allege that she was not paid the applicable minimum wage for hours worked. A.R.S. § 23-363.

Taking Plaintiff's well-pleaded factual allegations as true, Heidenthal, 826 F.2d at 917–18, Plaintiff has stated plausible claims for relief under FLSA's overtime and minimum wage provisions and AMWA (see doc. 1 ¶¶ 34, 36, 37, 45, 48, 53–55). See Verduzco v. Value Dental Ctrs. Mesa West AZ LLC, No. CV-20-02380-PHX-DJH, 2021 4222005, at *2 (D. Ariz. Sept. 16, 2021); Tolano, 2019 WL 6464748, at *3.

Therefore, these factors support entering default judgment.

### 3. Amount in Controversy

Under this factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). The amount at stake here is reasonable and proportional to Defendants' failure to pay applicable minimum and overtime wages. Therefore, this factor supports entering default judgment.

### 4. Dispute Over Material Facts

Where a party fails to defend an action, as here, there is no dispute over material facts. See Wecosign, Inc. v. IFG Holdings, Inc., 845 F.Supp.2d 1072, 1082 (C.D. Cal. 2012) ("Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote."). Therefore, this factor supports entering default judgment.

### 5. Excusable Neglect

Defendants were served with the Summons and Complaint, and there is nothing in the record indicating that their failure to answer or otherwise participate in this action is due to excusable neglect. (Docs. 7–9). Therefore, this factor supports entering default judgment. See id. ("This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit."); see also S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1163 (9th Cir. 2007) ("[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.").

### 6. Decisions on the Merits

"Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate." Wecosign, 845 F.Supp.2d at 1083. Therefore, this factor supports entering default judgment.

**C. Conclusion**

All Eitel factors support entering default judgment. Therefore, the Court will grant Plaintiff's Motion and enter default judgment accordingly.

**IV. DAMAGES**

An employer who violates FLSA is "liable to the employee . . . in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); see Campbell v. City of L.A., 903 F.3d 1090, 1102 (9th Cir. 2018). An employer who violates AMWA is "required to pay the employee the balance of the wages . . . owed, including interest thereon, and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364.G. "To recover damages after securing a default judgment, a plaintiff must prove the relief [she] seeks through testimony or written affidavit." Yelp, Inc. v. Catron, 70 F.Supp.3d 1082, 1100–01 (N.D. Cal. 2014); see also Anzalone, 316 F.Supp.3d at 1198 ("[A]llegations as to the amount of damages must be proved.").

In an affidavit filed with her Motion, Plaintiff states she worked a total of 400 hours for Defendants over the course of approximately eight weeks, at 50 hours per week, without being paid the applicable minimum wage. (Doc. 15-1 ¶¶ 6, 8, 10–15). Plaintiff was paid $300 per 50-hour week, equating to $6.00 hourly, which is $1.25 below the federal minimum of $7.25 and $6.15 below the Arizona minimum of $12.15.[2] (Id. ¶¶ 11). Plaintiff is therefore entitled to **$2,460.00** in unpaid minimum wages (unpaid $6.15 per hour x 400 hours) and **$4,920.00** in liquidated damages.[3] 29 U.S.C. § 216(b); A.R.S. § 23-364.G.

Further, Plaintiff states she worked a total of 80 overtime hours, based on eight, 50-hour workweeks, and did not receive overtime wages for those hours. (Id. ¶¶ 10, 16–20). Plaintiff is therefore entitled to **$486.00** in unpaid overtime (0.5 x $12.15 per hour x 80 hours) and **$486.00** in liquidated damages. 29 U.S.C. §§ 207(a)(1), 216(b).

In sum, Defendants are jointly and severally liable to Plaintiff for **$8,352.00**. The Court defers award of attorney fees and costs pending the filing of a motion in accordance with LRCiv 54.2.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Default Judgment (doc. 15) is **granted**.

2. Defendants shall pay, jointly and severally, **$8,352.00** to Plaintiff for their violations of FLSA and AMWA as detailed in this Order. This amount shall be subject to post-judgment interest at the statutory rate from the date of this Judgment until paid.

3. Plaintiff shall have fourteen (14) days from the date of this Order to file a motion for attorney fees and costs that complies in all respects with LRCiv 54.2.

4. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 1st day of December, 2021.

_____
Honorable Stephen M. McNamee
Senior United States District Judge

---

[2] See 29 U.S.C. § 206(a)(1)(C) (federal minimum wage); https://www.azica.gov/labor-minimum-wage-main-page (state minimum wage) (last accessed Nov. 30, 2021).

[3] Plaintiff's federal damages are subsumed within the state damages. (See Doc. 15 at 7).