**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katriona Coe,<br><br>        Plaintiff,<br><br>v.<br><br>Patrick Hirsch, et al.,<br><br>        Defendants. | No. CV-21-00478-PHX-SMM (MTM)<br><br>**ORDER** |

On December 1, 2021, the Court granted Plaintiff's motion for default judgment and entered default judgment against Defendants for violations of the Fair Labor Standards Act (FLSA) and the Arizona Minimum Wage Act (AMWA). (Docs. 16, 17). It deferred consideration of an appropriate award of attorneys' fees and costs pending the filing of a motion pursuant to LRCiv 54.2 within 14 days of that order. (Doc. 16 at 2, 6). On December 15, 2021, Plaintiff timely filed the instant Motion for Award of Attorneys' Fees. (Doc. 18). The Court will grant the motion and award **$6,360.23** in attorneys' fees and costs.

In addition to damages, a plaintiff who succeeds in an action for unpaid wages under FLSA and AMWA is entitled to "reasonable" attorneys' fees and costs. 29 U.S.C. § 916(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); A.R.S. § 23-364.G ("A prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit."). The appropriate fee award is determined using the "lodestar" approach. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)

("District courts must calculate awards for attorneys' fees using the 'lodestar' method." (internal quotation marks and citations omitted)); *see also Gary v. Carbon Cycle Arizona LLC*, 398 F.Supp.3d 468, 485 (D. Ariz. 2019) ("To determine a reasonable attorneys' fee under FLSA, the Court uses the lodestar method."). Under this approach, a "presumptively reasonable" fee award "'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Camacho*, 523 F.3d at 982 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court departs from this amount "only in rare and exceptional cases" where "specific evidence on the record" indicates the "amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (cleaned up). The party seeking a fee award must provide "evidence of the hours worked and the rate paid" and prove "that the rate charged is in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dept.*, 470 F.3d 889, 891 (9th Cir. 2006) (citations omitted).

Here, undersigned counsel submitted a declaration and an itemization of the work performed indicating that 14.6 hours were reasonably expended on the case. (Doc. 18-4 at 2, Doc. 18-5 ¶ 6). Counsel asserts that an hourly rate of $378.75 is reasonable. (Doc. 18-5 ¶ 10). Given the complexity of the employment statutes at issue in the case and previous awards obtained by counsel in this Court, the Court concludes this rate is reasonable. (*See* Doc. 18-3 (finding $395 to be a reasonable hourly rate for counsel's work in another case involving a default judgment under FLSA)). Plaintiff is therefore entitled to **$5,529.75** in attorneys' fees (14.6 hours x $378.75 per hour) and **$830.48** in costs ($402.00 filing fee + $428.48 processor fee) for a total award of **$6,360.23**. (*See* Doc. 18-4 at 4–6).

**IT IS THEREFORE ORDERED** that Plaintiff's motion (doc. 18) is **granted**.

//
//
//
//
//

1       **IT IS FURTHER ORDERED** that Defendants shall pay, jointly and severally, a total of **$6,360.23** in attorneys' fees and costs to Plaintiff. This amount shall be subject to post-judgment interest at the statutory rate from the date of this Judgment until paid.

      Dated this 21st day of January, 2022.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge